IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACOB M. SCOTT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WINGATE WILDERNESS THERAPY, LLC, a Utah Limited Liability Company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [8] DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>Case No. 4:18-CV-0002-DN<br><br>District Judge David Nuffer |

Defendant Wingate Wilderness Therapy, LLC ("Wingate") filed a Motion to Dismiss[1] Plaintiff Jacob M. Scott's ("Scott") complaint in its entirety because Wingate is a health care provider; the injury in this case relates to or arose out of health care rendered or which should have been rendered; Scott failed to comply with the pre-litigation requirements of the Utah Health Care Malpractice Act ("UHCMA"); and Scott failed to commence this action within the UHCMA's two-year statute of limitations.[2] Based on Wingate's Motion to Dismiss and the responsive filings[3], Wingate's Motion to Dismiss will be granted, with prejudice.

Furthermore, after considering briefing from the parties on the issues of certification to the Utah Supreme Court,[4] certification is unnecessary. Although broad, the language of the

---

[1] Wingate Wilderness Therapy's Motion to Dismiss and Memorandum in Support Thereof, docket no. 8, filed April 24, 2018.

[2] Utah Code § 78B-3-401 et seq.

[3] Plaintiff Jacob M. Scott's Opposition to Defendant Wingate Wilderness Therapy, LLC's Motion to Dismiss ("Opposition"), docket no. 13, filed May 21, 2018; Wingate Wilderness Therapy's Reply Memorandum in Support of Motion to Dismiss Plaintiff's Complaint ("Reply"), docket no. 19, filed June 8, 2018.

[4] *See* Docket Text Order Taking Under Advisement Defendant's Motion to Dismiss, docket no. 12, filed May 15, 2018.

relevant statutes is clear, and the case does not present an issue of law which would require clarification from the Utah Supreme Court.

## BACKGROUND

Wingate, located in Southern Utah, operates an outdoor youth program to provide behavioral, substance abuse, and mental health services to troubled adolescents.[5] Wingate is a wilderness based therapy program.[6] While in the wilderness, residents are treated by licensed therapists, psychologists and various other professionals.[7] Camping, hiking, climbing, and exploring the wilderness are part of a resident's recovery and treatment.[8]

On or about February 21, 2015, Scott enrolled in Wingate's therapy program.[9] Plaintiff sought treatment for substance abuse, disruptive behavior, anxiety, and parent-child relationships.[10] On or about March 6, 2015, Scott sustained an injury to his knee.[11] Afterwards, Scott was transported to the hospital.[12] Scott initiated the instant case by filing a Complaint on March 2, 2018.[13]

## STANDARD OF REVIEW—MOTION TO DISMISS

In order to withstand a motion to dismiss under *Bell Atlantic Corp. v. Twombly*,[14] and *Ashcroft v. Iqbal*[15] a plaintiff must allege enough facts, "taken as true, to state a claim to relief

---

[5] Motion to Dismiss at 2.

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] Complaint at ¶10.

[10] Motion at 3.

[11] Complaint at ¶11.

[12] Complaint at ¶ 52.

[13] Complaint at 12.

[14] 550 U.S. 544 (2007).

[15] 556 U.S. 662 (2009).

that is plausible on its face." [16] A plaintiff must "offer specific factual allegations to support each claim"[17] and while the Court must "accept as true all of the allegations contained in a complaint" this requirement is "inapplicable to legal conclusions."[18] The determination of plausibility will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] Therefore, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[20]

In a motion to dismiss based on lack of subject-matter jurisdiction brought under Fed. R. Civ. P. 12(b)(1) "the moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."[21] "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[22] However, "[w]hen, as in this case, a court resolves a motion to dismiss for lack of subject matter jurisdiction without an evidentiary hearing, the plaintiff is only required to make a prima facie showing of subject matter jurisdiction."[23] "All factual disputes are resolved in favor of the plaintiff[] when determining the

---

[16] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)(internal quotation marks omitted)(quoting *Twombly*, 550 U.S. at 570).

[17] *Kansas Penn*, 656 F.3d at 1214.

[18] *Kansas Penn*, 656 F.3d at 1214 (internal quotation marks omitted)(quoting *Iqbal*, 556 U.S. at 677).

[19] *Kansas Penn*, 656 F.3d at 1214 (internal quotation marks omitted)(quoting *Iqbal*, 556 U.S. at 679).

[20] *Kansas Penn*, 656 F.3d at 1214.

[21] *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003).

[22] *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221 (10th Cir. 2001) (*citing Holt v. United States*, 46 F.3d 1000 (10th Cir. 1995)).

[23] *Pringle v. United States, 44 F. Supp. 2d 1168, 1171 (D. Kan. 1999)*(citing *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)).

sufficiency of this showing."[24]

## **DISCUSSION**

Plaintiff Scott alleged one cause of action against Wingate for negligence and reckless conduct.[25] Scott alleged that Wingate breached its duty of care to him and was negligent and/or reckless by, among other things, "(i) allowing the youth to take a detour from the designated route; (ii) allowing the lead staff member to leave the group with only one staff member remaining with the group; (iii) not doing anything to determine whether the climbing of the rock formation would be safe for the youth; (iv) not properly assessing the danger of allowing the youth to climb the rock formation; (v) allowing the youth to climb the dangerous rock formation without supervision; (vi) allow the youth to climb the dangerous rock formation without any safety gear; (vii) not assisting Jacob with his descent down the rock formation and (viii) instructing Scott to climb down the rock formation when and where it was dangerous to do so."[26] Scott also alleged that Wingate failed to properly train or supervise its employees.[27]

Wingate's Motion asserts two grounds for dismissal, (1) Scott failed to comply with the mandatory pre-litigation provisions of the UHCMA and (2) Scott failed to file his Complaint prior to the expiration of UHCMA's applicable two-year statute of limitation. In order for the UHCMA to be applicable, Wingate must be considered a health care provider under the UHCMA definition[28] and the alleged injury must relate to or arise out of health care rendered or which should have been rendered.[29]

---

[24] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

[25] *See* Complaint at ¶¶ 10 et seq.

[26] *Id.* at ¶¶ 67, 75.

[27] *Id.* at ¶ 69.

[28] Utah Code Ann. § 78B-3-403(12).

[29] Utah Code Ann. § 78B-3-403(17).

"The definition of 'health care provider' found in the UHCMA is a broad one."[30] The UHCMA defines health care providers as:

> "Health care provider" includes any person, partnership, association, corporation, or other facility or institution who causes to be rendered or who renders health care or professional services as a hospital, health care facility, physician, registered nurse, licensed practical nurse, nurse-midwife, licensed direct-entry midwife, dentist, dental hygienist, optometrist, clinical laboratory technologist, pharmacist, physical therapist, physical therapist assistant, podiatric physician, psychologist, chiropractic physician, naturopathic physician, osteopathic physician, osteopathic physician and surgeon, audiologist, speech-language pathologist, clinical social worker, certified social worker, social service worker, marriage and family counselor, practitioner of obstetrics, licensed athletic trainer, or others rendering similar care and services relating to or arising out of the health needs of persons or groups of persons and officer, employees, or agents of any of the above acting in the course and scope of their employment.[31]

In interpreting this statute, the Utah Supreme Court held: "We conclude that the statute in question means what it says. All those identified in the statute are 'health care providers.' All others rendering care and services similar to those so explicitly identified are also 'health care providers.'"[32] Whether an entity is a health care provider is a factual determination made by comparing the actual services rendered by the entity to services rendered by a health care provider listed in the UHCMA.[33]

As the Complaint establishes, Wingate does business as a licensed as a "Youth Program"[34] under Utah Code to provide "behavioral, substance abuse, [and] mental health

---

[30] *Tools v. Red Rock Canyon Sch.*, 2005 WL 1501435 (D. Utah 2005).

[31] Utah Code Ann. § 78B-3-403(12).

[32] *Platts v. Parents Helping Parents*, 947 P.2d 658, 663 (Utah 1997).

[33] *See id.*

[34] Complaint at ¶ 10.

services."[35] Scott acknowledges that at the time of the incident, Wingate was "attempting to provide behavioral or mental health services" to him.[36]

The governing Utah administrative rules require Wingate, as a youth program, to have a "multi-disciplinary team, accessible to consumers" including various physical and mental health professionals.[37] This rule then requires Wingate to provide mental health services. Wingate employs—and Scott does not dispute that Wingate does—several licensed medical and mental health professionals, including clinical social workers, certified social workers, mental health counselors and a psychologist.[38] These health care professionals make up the clinical team responsible for providing therapeutic treatment for all of Wingate's participants[39] and Scott concedes that he met with a licensed marriage and family therapist during his time at Wingate.[40]

In light of this information,[41] it can readily be determined that the services Wingate provides "relat[e] to or aris[e] out of the health needs of persons or groups of persons[,]"[42] because it provides behavioral or mental health services. Furthermore, based on the health care professionals that Wingate employs, Wingate provides services that similar to those provided by

---

[35] Utah Code Ann § 62A-2-101(40)(a).

[36] Complaint at ¶ 11.

[37] Utah Admin. Code R501-8-6(8)

[38] Motion at 9.

[39] *Id.*

[40] Opposition at 11.

[41] It should be noted that Wingate's original proposed memorandum decision and order contained a number of additional facts that Plaintiff controverted because those facts were first raised in Wingate's Reply. *See* Notice of Filing of (Proposed) Memorandum Decision and Order Granting Defendant's Motion to Dismiss with Prejudice at 5–7, docket no. 29, filed July 27, 2018; Motion for Limited Discovery at 2, docket no. 28, filed July 27, 2018. However, as the analysis makes clear, the factual determination that Wingate is a health care provider can be made based the allegations in Plaintiff's Complaint, applicable Utah statutory and administrative rule language, and the additional, undisputed evidence offered in Wingate's original Motion to Dismiss and Plaintiff's Opposition. Any fact that was first raised in Wingate's reply was deleted from the proposed order and not included in this final memorandum decision and order.

[42] Utah Code Ann. § 78B-3-403(12).

a psychologist, clinical social worker, certified social worker, and a marriage and family counselor under U.C.A. § 78b-3-403(12). Wingate therefore qualifies as a health care provider under the broad language of the UHCMA.

The Complaint makes it clear that Scott's injury relates to or arises out of health care rendered or which should have been rendered. Scott states in the Complaint that, at the time of the injury and "for some time before[,]" Wingate was "attempting to provided behavioral or mental health services."[43] The provisions of the UHCMA—including its pre-litigation requirements and statute of limitations—apply here.

The UHCMA provides that an action "may not be initiated unless and until the plaintiff" complies with the requirements of the UHCMA.[44] Under the UHCMA, prior to commencing an action against a health care provider such as Wingate, Scott was required to "(1) giv[e] notice to the health care provider ninety days before commencement of the actions, (2) participat[e] in a pre-litigation panel review, and (3) fil[e] the complaint within the abbreviated two-year statute of limitations period."[45]

Scott failed to provide Wingate with "at least 90 days prior notice of intent to commence an action" and he failed to request a pre-litigation panel review hearing with the Division of Occupational and Professional Licensing "within 60 days after the service of a statutory notice of intent to commence action."[46] The UHCMA also provides that "a malpractice action against a health care provider shall be commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first

---

[43] Complaint at ¶ 11.

[44] Utah Code Ann. § 78B-3-412(1).

[45] *Carter v. Milford Valley Mem'l Hosp.*, 996 P.2d 1076, 1079 (Utah Ct. App. 2000).

[46] Utah Code Ann. § 78B-3-412, Utah Code Ann. § 78B-3-416.

occurs."[47] When the plaintiff is a minor at the time of their injuries, the statute of limitations is tolled until they reach the majority age.[48] The age of majority in Utah is 18 years old.[49]

Here, Scott sustained the injury to his leg three months before his 18th birthday. He was injured on March 6, 2015[50] and treated at a hospital the same day.[51] Scott knew he was injured on March 6, 2015.[52] Scott turned 18 years old on June 12, 2015. The statute of limitations expired on June 12, 2017, two years after Scott's 18th birthday.

Scott had until June 12, 2017, to comply with the provisions of the UHCMA in commencing an action against Wingate. Scott did not file this action until March 2, 2018, 263 days after the statute of limitations had expired.

In summary:

| | |
|---|---|
| Date of injury: | March 6, 2015 |
| Date of Plaintiff's 18th birthday: | June 12, 2015 |
| 2-year statute of limitations expired: | June 12, 2017 |
| Date instant Complaint was filed: | March 2, 2018 |

Based upon the expiration of the applicable statute of limitations, this case must be dismissed with prejudice.

Tolling the statute of limitation for equitable reasons is inappropriate in this case. Scott has not shown that Wingate did anything to prevent him from investigating and filing suit prior to the expiration of the statute of limitations. Scott knew he was injured on March 6, 2015, when he sustained the injury to his leg and was treated at a hospital. Scott was discharged from the

---

[47] Utah Code Ann. § 78B-3-404.

[48] Utah Code Ann. § 78B-2-108.

[49] Utah Code Ann. § 15-2-1.

[50] Complaint at ¶ 9.

[51] Reply at 13.

[52] Complaint at ¶ 9.

hospital and returned home on March 8, 2015.[53] Scott's parents were informed of his injury on March 6, 2015. His parents knew more detail about his injury on March 8, 2015, when he returned to their home. They knew he was under Wingate's care when he was injured.

Scott has failed to make a showing "that the plaintiff did not know of and could not reasonably have known of the existence of the cause of action in time to file a claim within the limitation period."[54] He knew he was injured on March 6, 2015. The two-year statute of limitations began to run on June 12, 2015, Plaintiff's 18th birthday. There are no exceptional circumstances that exist in this case to allow tolling the statute of limitations beyond the two-year limit.

In summary, Wingate provides services similar to health care providers listed in the UHCMA and the UHCMA specifically extends the definition of "health care provider" to entities that provide these comparable services. Wingate therefore is a health care provider under the UHCMA. The injury Scott alleges relates to or arose out of health care rendered or which should have been rendered by Wingate. The terms of the UHCMA are applicable to this matter.

Here, Scott failed to adhere to the UHCMA's pre-litigation notice and panel review requirements, and failed to file his Complaint prior to the expiration of the UHCMA's two-year statute of limitations. The Complaint must be dismissed with prejudice.

## **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Wingate's Motion to Dismiss[55] is GRANTED. Scott's claims against Wingate are DISMISSED WITH PREJUDICE.

---

[53] Reply at 13.

[54] *Warren v. Provo City Corp.*, 838 P.2d 1125, 1129 (Utah 1992).

[55] Wingate Wilderness Therapy's Motion to Dismiss and Memorandum in Support Thereof, docket no. 8, filed April 24, 2018.

The Clerk is directed to close the case.

Signed March 14, 2019.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Court Judge